IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00166-CR

 

Ex parte
Steve Parker

 

 



From the 19th District Court

McLennan County, Texas

Trial Court No. 2010-735-1

 



MEMORANDUM  Opinion










 

            Steve Parker attempts to appeal the
trial court’s denial of a writ of habeas corpus.  By letter, the Clerk notified
Parker that this appeal was subject to being dismissed for want of jurisdiction
because there was no signed order from which to appeal and no certification of
defendant’s right of appeal in the record.  See Tex. R. App. P. 26.2(a)(1); 25.2(a)(2).  Parker was further
warned that the appeal would be dismissed unless, within 21 days of the date of
the letter, a response was filed showing grounds for continuing the appeal.  

            Within the time to respond, Parker
presented a motion for extension of time to file a response.  He requested an
additional thirty days.  That motion, however, was not served.  Parker was
given 14 days to serve the motion and provide the Court with proper proof of
service.  Parker provided proof of service.

            Parker’s motion for extension of time
to file a response is granted.  The thirty additional days Parker requested has
passed and Parker has not provided us with a signed order from which he could
appeal or a certification of defendant’s right of appeal.

            Accordingly, this appeal is
dismissed.  See Tex. R. App. P.
44.3.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed July 21, 2010

Do
not publish 

[CR25]






lication and held that Gonzales freely, voluntarily, and
intelligently pleaded guilty to possession of a controlled substance and that he understood that he
might be deported as a consequence of his plea. Gonzales is appealing the trial court's denial of
relief.
      Gonzales claims in point one that his plea was not voluntary because his free will and
judgment were overcome by a mistake of fact. He contends that he did not realize at the time he
entered his plea, and was not informed by his attorney, that he was charged with a felony rather
than a misdemeanor and that his plea would affect his immigration status. He further asserts that
his attorney did not explain the risk of deportation. Gonzales blames the language barrier—his
attorney did not speak Spanish and he does not speak English—and he claims that he did not
understand much of what the interpreter translated.
      The trial court filed findings of fact and conclusions of law following the February 25 hearing. 
The pertinent findings are:
            In the plea hearing, Gonzales remembered the Judge saying he could be deported;

            He did understand he could be deported, but not other things.
 
Through an interpreter, Gonzales's attorney explained the difference between felony and
misdemeanor and the difference in the range of punishment.
 
[Gonzales] was aware he was charged with a felony with a ten-year possible punishment.
 
[The interpreter] was with Gonzales and his attorney before the plea, went over the
different documents with [Gonzales] and interpreted what the documents meant and what he
would sign.
 
She also interpreted at the plea hearing.
 
Regarding the plea, [Gonzales] answered the questions and told the interpreter he wanted
to continue.
 
The Court admonished [Gonzales] as to the effect of being deported if he continued with
his plea. He freely, voluntarily, and intelligently chose to continue with the plea.

      The court filed these conclusions of law:
 
The Court properly admonished [Gonzales] as to the possibility of deportation if he
persisted with his plea.
 
He freely, intelligently, and knowingly chose to continue with the plea.
 
The Court explained the range of punishment for possession of a controlled substance.
 
[Gonzales] freely, voluntarily, and intelligently pled guilty to possession of a controlled
substance while understanding that the consequences of his plea could be deportation.
      The statement of facts from the hearing supports each of the court's findings and conclusions. 
The record reflects that the court, after obtaining Gonzales's response that he was not a United
States citizen, then asked Gonzales, "[D]o you understand if you continue with your plea and I
find that you are guilty you could be deported by the immigration department?" He answered
affirmatively, and the court then asked whether "you understand that that could happen as a result
of your pleading guilty today?" Gonzales again indicated that he understood. The record further
reveals that, after explaining the punishment range and admonishing Gonzales in detail that his
plea constituted a waiver of his constitutional rights, the Court inquired,"[D]o you still wish to
proceed with the plea understanding that this is a second-degree felony?" Again, Gonzales
answered that he understood. Thus, the court fully complied with the requirements for
admonishment set forth in article 26.13 of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 26.13 (Vernon 1989 & Supp. 1992). Point one is overruled.
      Gonzales complains in point two that he was denied effective assistance of counsel by not
being advised of the risk of deportation if he pleaded guilty to a felony charge. To succeed on this
point, Gonzales must demonstrate that counsel's performance was deficient and that the deficient
performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct.
2052, 80 L.Ed.2d 674 (1984). Gonzales has failed to show that a reasonable probability exists
that, but for his counsel's errors, as alleged in point one, he would not have pleaded guilty and
would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88
L.Ed.2d 203 (1985).
      As stated above, a complete review of the plea hearing demonstrates that Gonzales was
questioned several times by the court whether he understood the proceedings and wished to
continue. The interpreter during the plea hearing, having listened to a tape of the plea hearing,
testified at the writ hearing that Gonzales did not hesitate at all in proceeding with the plea, even
after he was informed by the trial court that he was pleading guilty to a second-degree felony. We
are unable to say that counsel for Gonzales committed any error that affected Gonzales's knowing,
voluntary plea of guilty. Point two is overruled.
      We affirm the judgment. 
                                                                                 PER CURIAM

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed November 18, 1992
Do not publish